JPMorgan Chase Bank, N.A. v Williams (2019 NY Slip Op 02325)





JPMorgan Chase Bank, N.A. v Williams


2019 NY Slip Op 02325


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-10359
 (Index No. 21482/10)

[*1]JPMorgan Chase Bank, National Association, appellant,
v
Adeta S. Williams, etc., et al., defendants.


Shapiro DiCaro & Barak, LLC, Rochester, NY (Richard Franco and Ellis M. Oster of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 17, 2015. The order denied the plaintiff's motion for summary judgment on the complaint and for an order of reference.
ORDERED that the order is affirmed, without costs or disbursements.
On August 30, 2010, the plaintiff commenced the instant action to foreclose the mortgage of the defendant Adeta S. Williams, among others. On September 3, 2014, the plaintiff moved for summary judgment on the complaint and for an order of reference. The motion was unopposed. In support of its motion, the plaintiff submitted the note, the mortgage, and the affidavit of its vice president, which stated that the defendants were in default. The plaintiff's vice president further stated, in relevant part, "My review of the mortgage loan, reveals that a ninety (90) day pre-foreclosure notice ( 90 Day Notice') was sent by registered or certified and first class mail on May 21, 2010 to Adeta S. Williams and Lakisha S Boyd to the address of the property." The Supreme Court denied the plaintiff's motion, determining that the plaintiff "failed to submit an affidavit of service evincing that it properly served the mortgagor pursuant to RPAPL 1304." The plaintiff appeals.
We agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the complaint and for an order of reference. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see U.S. Bank N.A. v Henry, 157 AD3d 839, 841-842). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]).
Compliance with RPAPL 1304 can be " established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 [*2]AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016). Here, the affidavit of the plaintiff's vice president was insufficient to establish that the RPAPL 1304 notice was mailed, because the vice president "did not provide proof of a standard office mailing procedure and provided no independent proof of the actual mailing" (U.S. Bank N.A. v Henry, 157 AD3d at 842). Moreover, contrary to the plaintiff's contention, the requirements of RPAPL 1304 do apply here, even though the instant loan was not a "high-cost," "subprime," or "non-traditional" home loan, because the instant action was commenced after the statute was amended in January 2010 to apply to all home loans (see RPAPL 1304; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910).
The plaintiff's remaining contention, regarding the requirements of RPAPL 1306, is academic in view of the foregoing.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court